FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

2013 APR 29  P 1: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MENTOR GRAPHICS CORPORATION, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>TERESA STANEK REA, Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office,<br><br>Defendant. | Civil Action No.  *1: 13 cv 518*<br>*CMH/TCB*<br><br>**ORIGINAL COMPLAINT OF MENTOR GRAPHICS CORPORATION UNDER ADMINISTRATIVE PROCEDURE ACT** |

Plaintiff Mentor Graphics Corporation ("Mentor Graphics") by its undersigned counsel, hereby files its Original Complaint against Defendant Teresa Stanek Rea, Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office ("Acting Director"), in her official capacity, and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action arising under the Administrative Procedure Act, 5 U.S.C. §§ 701-06, to vacate the institution of inter partes review by the United States Patent and Trademark Office ("USPTO") of Mentor Graphics's U.S. Patent No. 6,240,376 (the "'376 patent") under § 6 of the Leahy-Smith America Invents Act ("AIA"), 35 U.S.C. §§ 311-19. The USPTO's authority to institute inter partes review of a patent is limited. It has no authority to institute such a review where a predecessor in interest or other privy of the petitioner, or the petitioner's real

party in interest, was sued, more than a year before the petition, for infringing the patent. 35 U.S.C. § 315(b). Here, Mentor Graphics sued the petitioner's predecessor in interest and current privy of the petitioner, for infringing this patent several years before the filing of the petition for inter partes review. Under this statutory prohibition, the USPTO's institution of inter partes review of the '376 patent is contrary to law, exceeds the USPTO's statutory authority, and immediately should be vacated.

## THE PARTIES

2.      Plaintiff Mentor Graphics is a corporation organized and incorporated under the laws of the State of Oregon, with its principal place of business located in Wilsonville, Oregon.

3.      Defendant Acting Director is the head of the United States Patent and Trademark Office and is responsible for superintending or performing all duties required by law with respect to the administration of § 6 of the AIA, including the activities of the Patent Trial and Appeal Board ("PTAB"). The Acting Director is being sued in her official capacity.

4.      The USPTO is a federal agency within the Commerce Department, headquartered in Alexandria, Virginia.

## JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A).

## FACTUAL BACKGROUND

7.      The USPTO issued the '376 patent on May 29, 2001.

8.      Mentor Graphics is, and has been at all times relevant to this action, the assignee of all right, title and interest in the '376 patent.

2

9.     On February 22, 2013, the PTAB instituted inter partes review (Case No. IPR2012-00042) of claims of the '376 patent based upon the Petition for *Inter Partes* Review, filed by Synopsys, Inc. ("Synopsys"), challenging claims of the '376 patent.

10.     Synopsys is the parent company of Emulation and Verification Engineering S.A. and EVE-USA Inc. (together, "EVE"). EVE is a wholly owned subsidiary of Synopsys.

11.     Since no later than October 4, 2012, EVE has been a wholly owned subsidiary of Synopsys and in privity with Synopsys.

12.     In March 2006, Mentor Graphics filed a complaint against EVE for infringement of, *inter alia*, the '376 patent, in an action captioned Civil Action No. 6:06-CV-00341-AA in the U.S. District Court for the District of Oregon ("the First Civil Action").

13.     In May 2006, in the First Civil Action, Mentor Graphics served on EVE a first amended complaint asserting that EVE's ZeBu line of emulators infringes the '376 Patent.

14.     In 2006, the First Civil Action was dismissed pursuant to a settlement agreement.

15.     On September 26, 2012, Synopsys submitted to the USPTO a petition for inter partes review of claims 1-15 and 20-33 of Mentor Graphics's '376 patent. Synopsys's petition alleges that these claims are invalid.

16.     On September 27, 2012, Synopsys served the petition papers on Mentor Graphics in the manner required by the USPTO's rules.

17.     No later than September 27, 2012, Synopsys and EVE entered into a written agreement for Synopsys to acquire EVE.

18.     On September 27, 2012, Synopsys and EVE filed a Complaint in the Northern District of California for declaratory judgment of invalidity and noninfringement of the '376 Patent in regards to EVE's ZeBu line of emulation products ("the Second Civil Action").

19.     No later than October 4, 2012, Synopsys completed the acquisition of EVE and EVE became a wholly owned subsidiary of Synopsys.

20.     On December 28, 2012, Patent Owner Mentor Graphics filed in the USPTO a preliminary response to the petition filed by Synopsys, explaining that "Institution of an inter partes review trial on the basis of the Petition filed by petitioner Synopsys, Inc. is barred under 35 U.S.C. § 315(b), since more than one year prior to the filing of the Petition requesting the proceeding, Patent Owner served a complaint alleging infringement of subject U.S. Patent No. 6,240,376 (hereinafter "the '376 patent") on privies of Petitioner, EVE-USA, Inc. and Emulation and Verification Engineering, S.A."

21.     On February 22, 2013, the USPTO determined to institute inter partes review proceeding (Case No. IPR2012-00042), upon Synopsys's petition for such review, as to claims 1-9, 11, 28, and 29 of the '376 patent, announced in a "Decision. Institution of *Inter Partes Review*" (the "USPTO Institution Decision."). That decision is attached as Exhibit A.

22.     In the USPTO Institution Decision, the USPTO rejected Mentor Graphics's position that such inter partes review was barred under Section 315(b)'s statutory prohibition. The USPTO gave three reasons related to this determination.

        a.      First, it ruled that Mentor Graphics had not shown that the Petitioner (Synopsys) could have exercised control over EVE's participation in the First Civil Action at the time of service of the complaint or otherwise was a privy of the defendant (EVE) in the earlier civil action at the time when that defendant was served with the complaint.

        b.      Second, it ruled that Mentor Graphics had not shown that the Petitioner (Synopsys) and the defendant (EVE) were in privity prior to October 4, 2012.

4

c.   Third, it ruled that Synopsys's property interest in EVE's products, the
ZeBu line of emulators that were accused of infringement of the '376 patent in the
First Civil Action, "is irrelevant here" because "the only property right at issue in
this proceeding is that of the '376 patent."

23.   In the USPTO Institution Decision, the USPTO construed Section 315(b) as
allowing the USPTO to institute inter partes proceeding, even if the petitioner's predecessor in
interest or subsidiary or other privy of the petitioner had been sued on that patent more than one
year before the petition was filed, so long as (1) the petitioner and the privy were not privies as to
ownership of the patent being challenged, or (2) the petitioner and the privy were not privies
when the complaint was served or (possibly) when the petition was filed.

24.   The USPTO has issued no rule or regulation adopting or compelling the USPTO's
construction of Section 315(b) made in the USPTO Institution Decision and contested in this
action.

25.   On March 8, 2013, Mentor Graphics moved for rehearing of the USPTO
Institution Decision. On April 11, 2013, the USPTO denied the motion for rehearing.

26.   The USPTO's institution of this inter partes review proceeding is harming Mentor
Graphics. The proceeding is ongoing and presently putting Mentor Graphics to the expense and
burden of defending the action. The USPTO is requiring Mentor Graphics to submit in the
proceeding written and public positions comparing the challenged patent claims to certain
alleged prior art. The existence of this inter partes proceeding risks diminishing the ability of
Mentor Graphics to enforce this patent.

## COUNT I
### (Violation of 5 U.S.C. § 706(2)(C))

27.     The allegations contained in paragraphs 1 through 26 are repeated and realleged as if fully set forth herein.

28.     The PTAB's decision to institute the inter partes review is a final agency action of the USPTO within the meaning of 5 U.S.C. § 704.

29.     There are no relevant mandatory administrative remedies that Mentor Graphics has not exhausted.

30.     35 U.S.C. § 315(b) limits the authority of the USPTO to institute inter partes review of a patent: "An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." This prohibition against agency action leaves the agency no discretion.

31.     35 U.S.C. § 314(d) provides: "The determination by the Director whether to institute inter partes review under this section shall be final and nonappealable."

32.     No statute precludes judicial review, under the Administrative Procedure Act, of USPTO decisions or actions in violation of the 35 U.S.C. § 315(b) statutory restriction on its authority.

33.     The phrase "privy of the petitioner" in this 35 U.S.C. § 315(b) statutory prohibition includes a petitioner's predecessor in interest.

34.     Section 315(b) bars the institution of inter partes review even if the privity relationship did not arise until after the petition for review is filed. Section 315(b) prohibits action by the USPTO, not action by a petitioner. Section 315(b) prohibits the USPTO from instituting inter partes review, not a petitioner petitioning for same. Section 315(b) defines

conditions to be measured as of the time of the prohibited act (institution of the inter partes review), and perhaps later as well, but not earlier than that time.

35.    The USPTO's construction of Section 315(b) in the USPTO Institution Decision is contrary to 35 U.S.C. § 315(b).

36.    Because EVE and Synopsys were privies as of the institution of inter partes review, as to the product line accused of infringement of the '376 patent and otherwise, and EVE was sued on this patent more than a year before the petition was filed, the USPTO was without authority to institute inter partes review, under 35 U.S.C. § 315(b).

37.    Accordingly, the Court should vacate the USPTO's institution of inter partes review of the '376 patent as in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in that it violates 35 U.S.C. § 315(b).

**COUNT II**
**(Violation of 5 U.S.C. § 706(2)(A))**

38.    The allegations contained in paragraphs 1 through 37 above are repeated and realleged as if fully set forth herein.

39.    The USPTO's institution of inter partes review of claims of the '376 patent is arbitrary, capricious and otherwise contrary to law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court enter the following relief:

A.    A declaration, pursuant to 28 U.S.C. § 2201, that:

1)    The USPTO's institution of a review of claims of the '376 patent upon Synopsys's petition is arbitrary, capricious and contrary to law; and

2)      The USPTO's institution of a review of the '376 patent upon Synopsys's petition is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

B.      An order, pursuant to 5 U.S.C. § 706, declaring unlawful and vacating the USPTO's institution of inter partes review of claims of the '376 patent;

C.      Preliminary injunctive relief, pursuant to 5 U.S.C. § 705 and Fed. R. Civ. P. 65, and/or permanent injunctive relief, ordering the USPTO to stay inter partes review of the '376 patent pending final judgment in this action and/or pending resolution of summary judgment motions in this action; and

D.      Such additional relief as this Court deems equitable and just.


Respectfully submitted,


Dated:  April 29, 2013                         By:      s/
                                                        Bradley C. Wright (VA Bar No. 37463 )
                                                        bwright@bannerwitcoff.com
                                                        BANNER & WITCOFF, LTD
                                                        1100 13th Street, NW, Suite 1200
                                                        Washington, DC 20005-4051
                                                        T:  (202) 824-3160
                                                        F:  (202) 824-3001

                                                        Attorneys for Plaintiff
                                                        MENTOR GRAPHICS CORPORATION