**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

```
                                    F I L E D
MENTOR GRAPHICS CORPORATION,  )
                              )         JUL 2 5 2013
         Plaintiff,           )
                              )     CLERK U.S. DISTRICT COURT
v.                            )       ALEXANDRIA, VIRGINIA
                              )
TERESA STANEK REA, Acting     )
Undersecretary of Commerce for)
Intellectual Property and     )
Acting Director of United     )
States Patent and Trademark   )
Office,                       )
                              )
         Defendant,           )
                              )
SYNOPSYS, INC.,               )
                              )
         Intervenor-Defendant.)
```

Civil Action No. 1:13-cv-518

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Teresa Stanek Rea and Intervenor-Defendant Synopsys, Inc.'s Motion to Dismiss.

This case concerns United States Patent No. 6,240,376 ("'376 patent") which the United States Patent and Trademark Office ("USPTO") issued on May 29, 2001.  Mentor Graphics Corporation ("Mentor Graphics") is the assignee of this patent which relates to the simulation, prototyping, and debugging of integrated circuits.  On March 13, 2006, Mentor Graphics Corporation sued Emulation and Verification Engineering S.A. and EVE-USA, Inc. (collectively, "EVE") in the United States

1

District Court for the District of Oregon alleging EVE's ZeBu family of emulator products infringed the '376 patent. Pursuant to a settlement agreement the suit was dismissed with prejudice on November 30, 2006 before a judgment was entered. On September 26, 2012, Intervenor-Defendant Synopsys, Inc. ("Synopsys") filed a petition with the Patent Trial and Appeal Board ("PTAB") seeking institution of inter partes review proceedings regarding claims 1-15 and 20-33 of the '376 patent arguing those claims were not patentable. On September 27, 2012 Synopsys entered into a written agreement to acquire EVE. As of at least October 4, 2012, Synopsys completed the acquisition of EVE making it a wholly-owned subsidiary of Synopsys.

On February 22, 2013, the PTAB issued an opinion granting Synopsys' petition as to claims 1-9, 11, and 28-29 and rejecting Mentor Graphics' argument that it could not institute inter partes review proceedings because Mentor Graphics had not shown that Synopsys and EVE were privies as of the filing date of the petition nor shown that Synopsys and EVE were privies or had any relationship at all during the prior litigation. Mentor Graphics' motion for rehearing of the PTAB's decision to institute proceedings was denied. On April 29, 2013, Mentor Graphics filed the instant Complaint seeking to prohibit the inter partes proceedings from going forward and seeking review

2

of the PTAB's order instituting proceedings pursuant to the Administrative Procedure Act ("APA").

The Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (Sept. 16, 2011) ("AIA") allows "a person who is not the owner of a patent" to "file with the [PTO] a petition to institute an inter partes review of the patent." (to be codified at 35 U.S.C § 311(a)).[1] The petitioner may ask the USPTO to cancel as unpatentable one or more claims of the patent as non-novel or obvious based upon prior art. 35 U.S.C. § 311(b). The Director may authorize an inter partes review to be instituted if the Director determines that the information presented in the petition shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition. Id. at § 314(a). The determination by the Director whether to institute an inter partes review is final and nonappealable. Id. at § 314(d). Under the AIA, if an inter partes review is instituted, the PTAB is required to issue a written decision with respect to the patentability of any patent claim at issue which may then be appealed to the Federal Circuit. Id. at §§ 318(a), 319.

Under 35 U.S.C. § 315(b), the PTAB may not institute an inter partes review if the patent owner filed an infringement

---

[1] The official version of the U.S. Code has not been updated to reflect the enactment of the AIA. For ease of reference, subsequent citations refer to the relevant sections of the Code.

3

action against the petitioner or a "privy" of the petitioner more than one year before the petitioner seeks inter partes review. Plaintiff Mentor Graphics asserts that the PTAB is prohibited under 35 U.S.C. § 315(b) from instituting inter partes review because Synopsys and EVE are now privies and Mentor Graphics served a complaint for infringement of the '376 patent against EVE more than one year prior to Synopsys' petition. Plaintiff seeks a declaration that the decision of the PTAB to institute inter partes review is in excess of its statutory jurisdiction and authority, is arbitrary and capricious, and rests on an erroneous interpretation of 35 U.S.C. § 315(b).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. Factual allegations, although assumed to be true, must still "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While the Court must construe the complaint in the plaintiff's favor, accepting all factual

allegations and inferences as true, the complaint must assert more than bare legal conclusions. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Taubman Realty Grp. L.P. v. Mineta, 320 F.3d 475, 479 (4th Cir. 2003).

Plaintiff claims there is a cause of action under the APA because Plaintiff asserts the PTAB's interpretation and application of § 315(b) is a "final agency action for which there is no other adequate remedy in court" for which the APA provides judicial review. 5 U.S.C. § 704. "As a general matter, two conditions must be satisfied for agency action to be 'final.' First, the action must mark the 'consummation' of the agency's decisionmaking process-it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (citations omitted). Moreover, a preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. 5 U.S.C. § 704. In addition to the finality requirement, there must be no adequate remedy in court in order for judicial review to be available. Id.

The first requirement that needs to be satisfied to permit judicial review under § 704 is that the agency action is final. Allowing district courts to exercise APA jurisdiction over a

non-final agency decision "leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary." FTC v. Standard Oil Co., 449 U.S. 232, 242 (1980). Such an immediate review of the determination to institute inter partes proceedings strikes at the very core of this authority. The decision to institute inter partes review was not a final agency action, but only the "initial" step in the agency process of reexamining the patent. Courts have repeatedly held that similar decisions to initiate agency proceedings do not constitute final agency action, but rather are only tentative or interlocutory. See, e.g., Standard Oil, 449 U.S. at 241-43 (holding issuance of administrative complaint to initiate agency proceedings not final agency action). In this case, the PTAB's decision to institute proceedings is plainly interlocutory in nature.

Secondly, the PTAB's decision is not final because it does not determine any substantive rights or obligations, nor do any legal consequences flow from the decision. See Bennett, 520 U.S. at 177-78. Inherent in this rule is that the agency action must have a direct and immediate effect on the challenging party's substantive legal rights. Consol. Gas Supply Corp. v. FERC, 611 F.2d 951, 958 (4th Cir. 1979). Indeed, the legal rights or consequences that make an agency determination 'final' under the APA generally have an immediate legal impact on a

6

party and often require some positive action on the part of the
affected party or a immediately-felt concrete harm.  A decision
to institute inter partes proceedings here "does not itself
adversely affect complainant but only affects his rights
adversely on the contingency of future administrative action,"
Rochester Tel. Corp. v. United States, 307 U.S. 125, 130 (1939),
and therefore is not a final agency action for APA purposes.
The PTAB's decision to institute proceedings has no legal effect
on Mentor Graphics' patent at this time or its ability to
enforce its patent.

Even though Mentor Graphics is forced to participate in the
inter partes proceedings, this fact does not render the PTAB's
decision final under the APA.  As the Supreme Court has held,
imposing a burden to participate in such proceeding, even if
substantial, "is different in kind and legal effect from the
burdens attending to what heretofore has been considered to be
final agency action."  Standard Oil, 449 U.S. at 242.
Additionally, Mentor Graphics' claim of a "stigma" surrounding
its patent because of the inter partes review is unavailing.
The concern over any stigma in this instance is purely
conjectural and insufficient to make the PTAB's decision a final
agency action.  Here, either the agency could potentially
revisit the challenged issue or the party could succeed on the

merits, thereby obviating the need for any review at the conclusion of the inter partes proceedings.

Furthermore, this Court lacks jurisdiction to review the PTAB's decision under the APA because another alternative and adequate remedy is available.  Congress specifically chose to allow direct review of the PTAB's final written determination to the Federal Circuit.  See 35 U.S.C. § 329.  Section 704 of the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."  Bowen v. Massachusetts, 487 U.S. 879, 903 (1988).

Congress has chosen an adequate alternative remedy allowing for direct Federal Circuit review at the culmination of the PTAB proceedings to streamline the review process while maintaining the parties' full rights to judicial review.

The PTAB's interlocutory decision here does not meet either prong of § 704.  The decision to institute inter partes review proceedings is the beginning, rather than the end, of the PTAB's actions.  There are no legal consequences as of yet from the mere institution of the proceedings at issue.  Additionally, Plaintiff has an "adequate remedy in a court" through a direct appeal of the PTAB's final written determination to the Federal Circuit.  For the reasons stated herein, Defendants' Motion to Dismiss should be granted.  In light of the Court's decision,

there is no reason to address the cross motions for summary

judgment.  An appropriate Order shall issue.


                                        _____/s/_____
                                          Claude M. Hilton
                                        United States District Judge



Alexandria, Virginia
July 25, 2013